UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

FRANK MAURIZZIO, JR.

                Plaintiff,

  -against-

NANCY BERRYHILL, *acting Commissioner of Social Security*

                Defendant.

----------------------------------------------------------------X

18-cv-3103 (NSR) (JCM)

OPINION & ORDER

NELSON S. ROMÁN, United States District Judge

Frank Maurizzio, Jr. ("Plaintiff") brings this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the Commissioner of Social Security ("Commissioner" or "Defendant"), denying his application for Social Security Income ("SSI") and disability insurance benefits ("DIB"). Plaintiff filed a motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure, and Defendant filed a cross motion for the same. (ECF Nos. 12 & 17.) This case was referred to Magistrate Judge Judith C. McCarthy and, on March 19, 2019, Judge McCarthy issued a Report and Recommendation ("R & R," ECF No. 22) pursuant to 28 U.S.C. § 636(b) and Federal Rules of Civil Procedure Rule 72(b) recommending that Plaintiff's motion be denied and that Defendant's cross motion be granted. For the following reasons, this Court adopts the R & R, grants Defendant's cross motion for judgment on the pleadings, and denies Plaintiff's motion for judgment on the pleadings.

## BACKGROUND

The facts are taken from the R & R, unless otherwise noted. The Court assumes familiarity with the underlying facts concerning Plaintiff's disability, as set forth in the R & R.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/29/2019

On July 24, 2013, Plaintiff applied for SSI and DIB alleging that he was disabled beginning January 1, 2013. After a hearing was held before an Administrative Law Judge ("ALJ"), Plaintiff's application was denied. Plaintiff requested review from the Appeals Counsel, but that request was denied on February 7, 2018.

Plaintiff filed a motion for judgment on the pleadings on September 7, 2018, and Defendant filed a cross motion for judgment on the pleadings on December 6, 2018. After considering the Parties' motions, the ALJ decision, and the record, Judge McCarthy issued the R & R recommending that this Court grant Defendant's cross motion and deny Plaintiff's motion. On April 2, 2019, Plaintiff filed timely written objections to the R & R. (ECF No. 23.) Defendant filed a timely response on April 19, 2019. (ECF No. 27.)

## STANDARD OF REVIEW

### I. Review of a Report and Recommendation

The Federal Rules of Civil Procedure provide that a magistrate judge may "hear a pretrial matter [that is] dispositive of a claim or defense" if so designated by a district court. Fed. R. Civ. P. 72(b)(1). If designated, the magistrate judge "must enter a recommended disposition, including, if appropriate, proposed findings of fact." *Id.*; *accord* 28 U.S.C. § 636(b)(1). When reviewing a Report and Recommendation, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). A district court may also "adopt those portions of the [Report and Recommendation] to which no objections have been made and which are not facially erroneous." *West v. Sheahan*, No. 12-CV-08270, 2016 WL 67789, at *1 (S.D.N.Y. Jan. 4, 2016) (quoting *Wilds v. United Parcel Serv., Inc.*, 262 F. Supp. 2d 163, 170 (S.D.N.Y. 2003)).

However, when a specific objection is made, the district court must review the contested sections *de novo*. *Pizarro v. Bartlett*, 776 F. Supp. 815, 817 (S.D.N.Y. 1991). In a *de novo* review, a district court must consider the "[r]eport, the record, applicable legal authorities, along with Plaintiff's and Defendant's objections and replies." *Diaz v. Girdich,* No. 04-CV-5061(RJH), 2007 WL 187677, at *1 (S.D.N.Y. Jan. 23, 2007) (internal quotation marks and citations omitted). Objections must be "specific and clearly aimed at particular findings" in the Report and Recommendation. *Molefe v. KLM Royal Dutch Airlines*, 602 F. Supp. 2d 485, 487 (S.D.N.Y. 2009).

## II. Review of a social security claim

Judicial review of social security claims is limited. *Brush v. Berryhill*, 294 F. Supp. 3d 241, 253 (S.D.N.Y. 2018). It is not for the reviewing court "to determine for itself whether the plaintiff was disabled, and therefore entitled to Social Security benefits." *Burke v. Comm'r of Soc. Sec.*, No. 16-CV-6520(KMK)(PED), 2017 WL 6029166, at *2 (S.D.N.Y. Dec. 5, 2017) (citing *Schaal v. Apfel*, 134 F.3d 496, 501 (2d Cir. 1998)). Rather, "the reviewing court considers merely 'whether the correct legal standards were applied and whether substantial evidence supports the decision.' " *Id.* (quoting *Butts v. Barnhart*, 388 F.3d 377, 384 (2d Cir. 2004), *as amended on reh'g in part by* 416 F.3d 101 (2d Cir. 2005)); *see also Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (per curiam). An ALJ's determination is final unless it was "based on legal error" or is "not supported by substantial evidence." *Rosa v. Callahan*, 168 F.3d 72, 77 (2d Cir. 1999) (internal quotation marks omitted).

When considering whether the ALJ's decision is supported by substantial evidence, the Court must "examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn." *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir.

3

2012) (internal quotation marks omitted). Nevertheless, "substantial evidence" remains a "very deferential standard of review—even more so than the 'clearly erroneous' standard." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (citation omitted). "If evidence is susceptible to more than one rational interpretation, the [ALJ's] conclusion must be upheld." *McIntyre v. Colvin*, 758 F.3d 146, 149 (2d Cir. 2014) (citation omitted). "It is not for this Court to substitute its own judgment for that of the [ALJ], even if it might justifiably have reached a different result upon *de novo* review." *Ortiz v. Berryhill*, No. 17-CV-4751(RWS), 2018 WL 3360755, at *7 (S.D.N.Y. July 10, 2018) (internal quotation marks omitted) (quoting *Jones v. Sullivan*, 949 F.2d 57, 59 (2d Cir. 1991)).

"However, where the proper legal standards have not been applied and might have affected the disposition of the case, [the] court cannot fulfill its statutory and constitutional duty to review the decision of the administrative agency by simply deferring to the factual findings of the ALJ." *Velez v. Colvin*, No. 14-CV-3084(CS)(JCM), 2017 WL 1831103, at *15 (S.D.N.Y. May 5, 2017) (internal quotation marks omitted) (citing *Pollard v. Halter*, 377 F.3d 183, 189 (2d Cir. 2004)).

## MAGISTRATE'S FINDINGS

Judge McCarthy found no legal error in the ALJ's decision and that the ALJ's determinations were supported by substantial evidence.

First, Judge McCarthy determined that any failure by the ALJ to obtain an opinion from Plaintiff's treating physicians did not warrant remand. (R & R p. 19.) The ALJ specifically asked Plaintiff's counsel if there were any more medical records at the hearing, and he responded that there were none. (*Id.* pp. 19 – 20.) Additionally, Judge McCarthy noted that failure to request medical opinions does not always require reversal, particularly in cases, like this case,

4

where the record has sufficient evidence from which an ALJ can assess the claimant's residual functional capacity ("RFP"). (*Id.*); *see Rivera v. Comm'r of Soc. Sec.*, No. 14-CV-6567(KPF), 2015 WL 6619367, at *11 (S.D.N.Y. Oct. 30, 2015).

Second, Judge McCarthy found the ALJ's credibility determinations to be supported by substantial evidence. Judge McCarthy noted that the ALJ properly applied the two-step analysis and determined that Plaintiff's statements about the intensity, persistence ,and limiting effects of his symptoms were not entirely consistent with evidence in the record. (R & R pp. 20 – 21.) The ALJ "thoroughly explained" his credibility findings and appropriately considered Plaintiff's noncompliance with his treatment recommendations. (*Id.* p. 22.) He also appropriately considered the opinions from Plaintiff's treating physicians and did not substitute his own judgment for that of the medical professionals. (*Id.* pp. 23 – 24.)

Finally, Judge McCarthy held that the ALJ's RFC assessment was supported by substantial evidence and that the vocational expert's testimony was not inaccurate. (R & R pp. 24 – 25.) The ALJ considered the record as a whole in reaching the RFC determination and appropriately relied on the vocational expert's testimony. (*Id.* pp. 25 – 26.)

**DISCUSSION OF OBJECTIONS**

Plaintiff objects to Judge McCarthy's R &R because, according to Plaintiff, Judge McCarthy did "not adequately address the ALJ's obligation to develop the record and the [t]reating [p]hysician [r]ule." (Pl.'s Obj. to the Magistrate Judge's R. & R. p. 3, ECF No. 23.) Specifically, Plaintiff contends that the ALJ did not obtain a medical source statement from Dr. Gapay who treated Plaintiff in 2014 and 2015. (*Id.* pp. 3 – 4.) The ALJ also improperly applied

5

great weight to the opinion of consulting examiner Dr. Jenouri and inappropriately discredited the opinions of Dr. Gapay and ANP Marks. (*Id.* pp. 4 – 5.)[1]

The Court agrees with Judge McCarthy that remand is not warranted for the ALJ's failure to obtain additional records from Dr. Gapay.[2]

An ALJ has an affirmative duty to develop the record. *Drake v. Astrue,* 443 F. App'x. 653, 656 (2d Cir. 2011). As part of this obligation, pursuant to 20 C.F.R. § 416.912(d), the ALJ must make "every reasonable effort" to obtain medical records from a claimant's physician whether the claimant is represented by counsel or proceeds on a *pro se* basis. *Perez v. Chater*, 77 F.3d 41, 47 (2d Cir. 1996). "The duty to develop the record goes hand in hand with the treating physician rule," *Leutung v. Comm'r of Soc. Sec.*, No. 17-CV-6626(JWF), 2019 WL 1385847, at *4 (W.D.N.Y. Mar. 27, 2019), which requires the ALJ to deter to the views of a claimant's treating physicians unless their opinions are inconsistent with other substantial evidence or not well supported by medical findings. *Cichoki v. Astrue*, 534 F. App'x 71, 74 (2d Cir. 2013) (summ. order); *Shaw v. Chater*, 221 F.3d 126, 134 (2d Cir. 2000).

If the ALJ determines to give less than controlling weight to the opinion of a treating physician, the ALJ must consider the following factors in deciding how much, if any, weight to give the opinion:

> the length and nature of the treating doctor's relationship with the patient, the
> extent to which the medical evidence supports the doctor's opinion, whether the

---

[1] Because Plaintiff did not object to any other portions of the R & R, the Court will only analyze the objected to findings *de novo.* The Court reviewed the remaining portions of the R & R for clear error and found none.

[2] The same is true of any failure to seek additional documents from Dr. James, assuming Plaintiff makes such a claim in his objection which is unclear on this point. The Court need only review specific objections *de novo.* If "a petition makes only general and conclusory objections ... or simply reiterates the original arguments, the district court will review the report and recommendations strictly for clear error." *Harris v. Burge*, No. 04-CV-5066, 2008 WL 772568, at *6 (S.D.N.Y. Jan 18, 2007) (citation omitted).

doctor is a specialist, the consistency of the opinion with the rest of the medical record, and any other factors "which tend to . . . contradict the opinion." *Micheli v. Astrue*, 501 F. App'x 26, 28 (2d Cir. 2012) (summ. order) (quoting 20 C.F.R. § 404.1527(c)(2)(i)–(ii) and (c)(3)–(6)); *see also Selian v. Astrue*, 708 F.3d 409, 418 (2d Cir. 2013). Additionally, the ALJ must give good reasons for the weight, if less than controlling, assigned to a treating physician's opinion. 20 C.F.R. § 404.1527(c)(2); *Halloran v. Barnhart*, 362 F.3d 28, 32 (2d Cir. 2004).

In reaching his RFC determination, the ALJ considered documents from over a dozen medical professionals, including Dr. Gapay, and many of those documents were office treatment records. (ALJ Decision pp. 20 – 26, 30 – 33, ECF No. 11.) The ALJ determined from the majority of these records that Plaintiff did not have a qualifying disability. It should also be noted that the ALJ asked Plaintiff's counsel at the hearing whether there were additional medical records and counsel replied that there were none. (Administrative R. p. 167, ECF No. 11.) While, as Plaintiff correctly points out, the ALJ has an affirmative duty to develop the record, "remand is not always required when an ALJ fails in his duty to request opinions, particularly where [ ] the record contains sufficient evidence from which an ALJ can assess the petitioner's residual functional capacity." *Tankisi v. Comm'r of Soc. Sec.*, 521 F. App'x 29, 34 (2d Cir. 2013). Moreover, "[a]n ALJ does not need to affirmatively obtain the RFC opinion of a treating physician where there are no obvious gaps in the medical history." *Gonzalez v. Colvin*, No. 15-CV-2159(MKB), 2016 WL 5477591, at *18 (E.D.N.Y. Sept. 28, 2016) (citing *Swiantek v. Comm'r of Soc. Sec.*, 588 F. App'x 82, 84 (2d Cir 2015)).

Here, based on the extensive medical record and absence of obvious gaps in Plaintiff's medical history, there was sufficient evidence to support the ALJ's RFC determination. *See Illenberg v. Colvin*, No.13-CV-9016(AT)(SN), 2014 WL 6969550, at *21 (S.D.N.Y. Dec. 9,

2014) (holding that the ALJ's RFC determination was supported by substantial evidence based on the extensive medical record, even though the ALJ failed to obtain evidence from the claimant's treating physicians about the "degree to which her impairments prevent her from working).

Any allegation that the ALJ did not properly apply the treating physician rule, requiring remand, is also unavailing. The ALJ stated that he gave little weight to medical professionals' statements that Plaintiff had a disability because he determined that those statements were based on Plaintiff's own subjective complaints and because they were not supported by "physical and diagnostic examination findings." (ALJ Decision pp. 23, 24 & 25.) A review of the record confirms that any disability determinations were not connected to any objective medical evidence. (*Id.*); (Administrative R. pp. 69 – 77, 119 – 22, 123 - 27. ECF No. 11-2.) An ALJ does not err by declining to give weight to physician notes that are based on nothing but Plaintiff's own reports of pain. *See Polynice v. Colvin*, 576 F. App'x 28, 31 (2d Cir. 2014); *Bautista v. Berryhill*, No. 18-CV-1247(SALM), 2019 WL 1594359, at *11 - 12 (D. Conn. Apr. 15, 2019). The ALJ also provided an explanation, which is supported by substantial evidence, as to why he assigned a consultative examiner's, Dr. Jenouri's, opinions great weight. (ALJ Decision pp. 21 – 22.) He noted that Dr. Jenouri is an expert in the field of medicine, Dr. Jenouri personally evaluated Plaintiff, and his opinions were consistent with the objective evidence in the record and the opinions of other treating medical professionals. (*Id.* p. 22.) *See Duran v. Colvin*, No. 14-CV-4681(AJP), 2015 WL 4476165, at *15 (S.D.N.Y. July 22, 2015) (holding that the ALJ did not err in giving a consulting examiner's opinion greater weight than that of a treating physician because the consultant's opinion was more consistent with the record as a whole); *Manning v. Colvin*, No. 13-CV-497(JTC), 2014 WL 5308189, at *4, 9, 10 (W.D.N.Y. Oct. 15,

2014) (declining to remand after the ALJ gave a consultant's opinion great weight because that opinion was based on objective evidence). Notably, the ALJ only applied some weight to a psychological consultative examiner's opinions because, while the examiner was also an expert and personally examined Plaintiff, there was little evidence of any particular mental impairments in the record.(*Id.* p. 23.) The ALJ gave little weight to a third consulting examiner because that individual did not personally examine Plaintiff. (*Id.*) These explanations are consistent with the weight the ALJ assigned to Dr. Jenouri's opinion and his reasons.

It is not for the Court to substitute its judgment for that of the ALJ. Therefore, because the ALJ's decision was supported by substantial evidence and was not based on legal error, Defendant's cross motion for judgment on the pleadings must be granted.

## CONCLUSION

For the reasons stated above, this Court adopts Judge McCarthy's R & R. Plaintiff's motion for judgment on the pleadings is DENIED and Defendant's cross-motion for judgment on the pleadings is GRANTED. The Clerk of the Court is respectfully requested to terminate the motions at ECF Nos. 12 and 17. The Clerk of the Court is also respectfully directed to close this case.

Dated: April 29, 2019
      White Plains, New York

SO ORDERED:

_____
NELSON S. ROMÁN
United States District Judge